ORIGINAL

O/F
CIM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    - against -                    Cr.  03-1049 (S-3)(NGG)

NORBERTO MARTINEZ,
also known as "Tito,"
"Rob Martinez," and
"Steven Martinez,"

             Defendant.
- - - - - - - - - - - - - - - -X

## CONSENT ORDER OF FORFEITURE AS TO NORBERTO MARTINEZ, ALSO KNOWN AS "TITO," "ROB MARTINEZ," and "STEVEN MARTINEZ"

WHEREAS, in the forfeiture allegations of the above-captioned Third Superceding Indictment, the United States of America (the "United States") seeks to forfeit property of the Defendant Norberto Martinez (the "Defendant"), pursuant to 21 U.S.C. § 853, that constitutes or is derived from proceeds the Defendant obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1), 952(a), 841(a)(1), and 952(a), or a conspiracy to commit such violations;

WHEREAS, the Defendant's criminal trial is scheduled to commence on May 31, 2005 before the Honorable Nicholas G. Garaufis;

WHEREAS, the United States and the Defendant now desire and agree to resolve the forfeiture allegations of the Third

Superceding Indictment, contingent upon Defendant's criminal conviction of any of Counts One, Two, Three, Four, Five, Six and/or Seven of the Third Superceding Indictment, or in the event that Defendant pleads guilty to any of Counts One through Seven in the Third Superceding Indictment, and such plea is accepted by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, ON CONSENT, by and between the United States and the Defendant as follows:

1.    The Defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any right, title and interest in the total sum of five hundred ninety-seven thousand, five hundred and ninety-five dollars ($597,595.00) in United States currency seized by law enforcement officers on or about October 15, 2003, which is comprised of the following: (i) twenty-nine thousand, six hundred and eighty dollars ($29,680.00) in United States currency, more or less, and all proceeds traceable thereto, seized by law enforcement officers from Defendant's residence at 1001 East 228th Street, Bronx, New York 10466-4819, on or about October 15, 2003; and (ii) thirty-two thousand, five hundred dollars ($32,500.00) in United States currency, more or less, and all proceeds traceable thereto, seized by law enforcement officers at New World Auto, 1185 Bronx River Avenue, Bronx, New York, 10472, on or about October 15, 2003; and (iii) five hundred

thirty-five thousand, four hundred and fifteen dollars
($535,415.00) in United States currency, more or less, and all
proceeds traceable thereto, seized by law enforcement officers
from 1003 East 228th Street, Bronx, New York 10466-4819, on or
about October 15, 2003 (collectively "the Seized Funds").

2.   The Notice of Pendency, filed on or about October 1,
2003, against the property at 1003 East 228th Street, Bronx, New
York 10466-4819, owned by Soccoro Martinez (the "subject
property"), shall remain in effect against the subject property
until the resolution of the forfeiture proceedings.  Upon
forfeiture of the Seized Funds to the United States, the United
States Attorney's Office for the Eastern District of New York
will effectuate the release of the Notice of Pendency from the
foregoing property.

3.   Should the Seized Funds not be forfeited, the United
States may, at its option, pursue the forfeiture of the subject
property in satisfaction of the total sum of the Seized Funds.
The funds realized from any sale of the subject properties, after
payment of all reasonable costs, any mortgages on the property,
and other reasonable expenses associated with the sale, shall be
forfeited to the United States to the extent that the total sum
of the Seized Funds has not been forfeited, and such funds shall
be deposited into the Asset Forfeiture Fund.

4. The Defendant, as applicable, shall continue to make timely payments of indebtedness on all mortgages that encumber the subject property.

5. The Defendant hereby agrees not to assert any claim or assist any other person to assert any claim to any of the monies and properties forfeited pursuant to this Consent Order in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of the forfeiture allegations, and waives any and all defenses to the forfeiture described in this Consent Order, including but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, venue or the Excessive Fines Clause of the Eighth Amendment and Rule 11 of the Federal Rules of Criminal Procedure.

6. This Consent Order shall be final and binding only upon the Court's "so ordering" of the order.

7. Upon entry of this Consent Order, the United States Attorney General or designee is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

8.    The United States shall publish notice of the Order and its intent to dispose of the forfeited funds in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the forfeited funds and properties.

9.    Any person, other than the Defendant, asserting a legal interest in the subject properties may, within thirty days (30) of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Consent Order, together with Supplemental Consent Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

11.    The Defendant hereby consents to the forfeiture of the Seized Funds described above, as provided by Fed. R. Crim. P. 32.2.

12. Any petition filed by a third party asserting an interest in the Seized Funds shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Seized Funds, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Seized Funds, any additional facts supporting the petitioner's claim and the relief sought.

13. The United States shall have clear title to the Seized Funds identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

14. The Defendant represents that he has the full power and authority to enter into this Consent Order and to perform the obligations set forth herein, and that this Consent Order is being executed on his behalf.

15. This Consent Order shall be binding upon the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

16.  The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order.

Dated:    Brooklyn, New York
          ~~May~~ 27, 2005
          June

                              ROSLYNN R. MAUSKOPF
                              United States Attorney
                              Eastern District of New York

                    By:  _____
                         Margot P. Schoenborn
                         Assistant U.S. Attorney

CONSENTED AND AGREED TO BY:

_____          _____
NORBERTO MARTINEZ  .                Linda George, Esq.
                                    Counsel for Norberto Martinez

On the 21 day of __June__ , 2005, before
me, the undersigned, personally appeared Norberto Martinez,
also known "Tito," "Rob Martinez,"and "Steven Martinez,"
personally known to me or proved to me on the basis of
satisfactory evidence
to be the individual whose name is subscribed
to the within instrument and acknowledged to me
that he executed the same, and that by
his signature on the instrument, the individual executed
the instrument.

_____
NOTARY PUBLIC
LINDA GEORGE, ATTORNEY AT LAW
STATE OF NEW JERSEY

**Dated:** June 21, 2005

**IT IS SO ORDERED:**

_____
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
June 27, 2005