UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

NORBERTO MARTINEZ,

             Defendant.

**MEMORANDUM & ORDER**

03-CR-1049 (NGG) (S-2)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Norberto Martinez's motion for a reduction in sentence. For the reasons explained below, that motion is DENIED.

## I. BACKGROUND

In 1995, Norberto Martinez was convicted for conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and sentenced to 63 months' imprisonment. *See United States v. Martinez*, 159 F.3d 1349, at *1 (2d Cir. 1998) (summary order). Upon release, Martinez returned to the drug trade. From 2000 to 2003, he and his brother orchestrated a largescale heroin importation and wholesale distribution organization in the Bronx. (*See* Gov't Opp'n (Dkt. 288) at 3; Presentence Investigation Report dated August 19, 2005 ("PSR") ¶¶ 3, 6, 17.) Martinez organized, supervised and managed over a dozen individuals, and he punished those who stole from the organization. (PSR ¶¶ 3, 17.) As a result of these activities, Martinez was again convicted on seven drug trafficking charges involving one kilogram or more of heroin (as well as two firearm counts). (*See* Jury Verdict (Dkt. 185) at 2-9.) On May 3, 2006, the court sentenced Martinez to a term of life imprisonment. (*See* Sentencing Judgment (Dkt. 226).)

Martinez, 51 years old, is incarcerated at FCI Fairton in New Jersey. On April 20, 2020, he requested a Reduction in Sentence from the Bureau of Prisons, which the Warden at Fairton denied

1

on May 20, 2020. (*See* Inmate Req. for Reduction of Sentence (Dkt. 289-1); Warden Denial of Inmate Req. for Reduction of Sentence (Dkt. 289-2).) On December 16, 2020, Martinez, *pro se*, moved for a sentence reduction, making several broad arguments. (*See* Pet'r Mot. (Dkt. 284).) Viewing his motion liberally, the government construed his motion as making arguments for reduction pursuant to Section 404 and Section 401 of the First Step Act of 2018; 18 U.S.C. § 3582(c)(2), based on Amendment 782 of the Sentencing Guidelines; and compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* Gov't Opp'n at 4-10.)

## II.  DISCUSSION

The court, also viewing his motion liberally, adopts the government's construction of Martinez's motion and addresses each argument in turn.

### A.  Section 404 of the First Step Act

Section 404 of the First Step Act of 2018, which enforced the Fair Sentencing Act of 2010 retroactively, applies only to crack cocaine. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222; Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see also United States v. Rivera*, 824 F. App'x 598, 600 (11th Cir. 2020) ("The First Step Act and, by extension, the Fair Sentencing Act only address the sentencing disparity between cocaine base and powder cocaine offenses.").[1] Thus, Martinez is not eligible for a sentence reduction under Section 404 of the First Step Act because he was charged with a heroin offense, not a crack-cocaine offense. *See United States v. Echeverry*, 978 F.3d 857, 859 (2d Cir. 2020) (holding that the defendant was ineligible for First Step Act relief because count one charged two non-crack cocaine offenses); *see also Rivera*, 824

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

F. App'x at 600 (finding that defendant's heroin conviction rendered him ineligible for relief under the First Step Act).

### B. Section 401 of the First Step Act and 21 U.S.C. § 851

Martinez also seeks a sentence reduction pursuant to the amended sentencing enhancement law under Section 401 of the First Step Act. Section 401 reduced the mandatory minimum for sentencing after a prior conviction from 20 years to 15 years, but the change was not retroactive. *United States v. Fuller*, No. 09-CR-274-03 (CS), 2020 WL 5849442, at *1 (S.D.N.Y. Oct. 1, 2020) ("Congress's decision not to make the change retroactive means that [the court] must deny the motion for modification of sentence under the First Step Act."). Rather, the amendments made by Section 401 of the First Step Act "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018). Martinez was sentenced in 2006—long before enactment of the First Step Act. Therefore, Martinez is precluded from benefitting from Section 401. *See United States v. Bryant*, 991 F.3d 452, 454 (2d Cir. 2021) (holding that the defendant's 2007 sentence precludes him from the reduction in the mandatory minimum because the sentence was imposed before the First Step Act's enactment).

### C. Sentence Reduction under 18 U.S.C. § 3582(c)(2) Amendment 782

Amendment 782 of the Sentencing Guidelines lowers the penalties for most drug offenses by reducing many of the offense levels in the Drug Quantity Table in 2D1.1 by two levels. *See United States v. Valencia-Lopez*, No. 05-CR-841 (NGG), 2018 WL 7290831, at *2 (E.D.N.Y. June 19, 2018), *aff'd*, 792 F. App'x 846 (2d Cir. 2019). Amendment 788 of the Guidelines states that Amendment 782 may be applied retroactively to lower the sentence of a "defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered." *See id*; 18 U.S.C. § 3582(c)(2).

Relevant here, the Sentencing Commission reduced the base offense level for distributing one kilogram or more of heroin from 38 to 36. *See* U.S.S.G. § 2D1.1. But Amendment 782 does not help Martinez because, even with the two-level decrease, his amended Guidelines range remains the same as his initial Guidelines range.

At the time of sentencing, Martinez's base offense level for conspiracy to distribute one kilogram or more of heroin was a 38. This increased to a 42 after applying a 4-level adjustment for his role as a leader in the offense. (*See* Sentencing Judgment at 8.) With a criminal history category of III and the adjusted offense level of 42, Martinez's Guidelines range was 360 years to life. Today, applying Amendment 782, Martinez's base level offense would be a 36 with an adjusted offense level of 40. With a criminal history category of III and an adjusted offense level of 40, Martinez's Guidelines range is still 360 months to life imprisonment. Thus, Martinez is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 782 has no effect on his Guidelines range.

### D. Motion for Compassionate Release

#### 1. Legal Standard

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's sentence upon motion of either the Director of the Bureau of Prisons or the defendant. A defendant may move under 18 U.S.C. § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier." *Id*. A "defendant's failure to exhaust administrative remedies is a 'threshold matter' preventing the court from considering a Section 3582 application." *United States v. Alvarez*, No. 89-CR-229 (JS), 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020); *see also United States v. Napout*, No. 15-CR-252 (PKC), 2020 WL 1872455, at *1 (E.D.N.Y. Apr. 14, 2020).

A court may reduce a defendant's sentence only if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). In reviewing compassionate release motions, district courts are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them" and are not bound by Sentencing Guideline § 1B1.13 or its application notes. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The only statutory limit placed on what qualifies as extraordinary and compelling is that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see Brooker*, 976 F.3d at 238.

Though nonbinding, courts may still consider the Sentencing Commission's standard describing what should be considered extraordinary and compelling reasons for a sentence reduction. Under 28 U.S.C. § 994(t), the Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" or "the defendant is at least 65 years old" or "the death or incapacitation of the care giver for defendant's minor children" or incapacitation of defendant's spouse or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other . . . reasons." U.S.S.G. § 1B1.13(1)(A); *id.* § 1B1.13 App. Note 1.

5

      2.    Application

The government contends that Martinez has failed to meet the exhaustion requirement because he did not file an administrative request for compassionate release with the Warden of FCI Fairton. (*See* Gov't Opp'n at 7.) However, in his reply, Martinez includes his request for compassionate release dated April 20, 2020, and the Warden's denial of that request dated May 20, 2020. (*See* Inmate Req. for Reduction of Sentence; Warden Denial of Inmate Req. for Reduction of Sentence.) Therefore, Martinez has satisfied the exhaustion requirement because 18 U.S.C. § 3582(c)(1)(A) "requires the defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court." *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020) (emphasis in original). *But see United States v. Kissi*, 469 F. Supp. 3d 21, 32 (E.D.N.Y. 2020) (holding that the defendant did not exhaust his administrative remedies because he did not appeal the BOP's timely denial of his request).

Even so, Martinez's motion fails because he cannot show "extraordinary and compelling" circumstances that warrant a reduction in sentence. Martinez is 51 years old and suffers from no terminal illness or medical condition beyond his general concerns about COVID-19. But generalized COVID-19 concerns are not regarded as extraordinary and compelling reasons for compassionate release. *See United States v. Bolino*, No. 06-CR-806 (BMC), 2020 WL 4749807, at *5 (E.D.N.Y. Aug. 17, 2020); *see also United States v. Nwankwo*, No. 12-CR-31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020).

Martinez also alleges that he is the only available caregiver to his elderly mother who is 80 years old and had COVID-19 in March 2021. (*See* Pet'r Additional Information (Dkt. 291).) The government, citing the PSR, responds that Martinez has two maternal half-brothers, one paternal half-sister, three full sisters, a full

brother, several nieces and nephews, and two daughters of his own—all of whom can provide care. (*See* Gov't Opp'n at 8.) Martinez does not dispute this list. Thus, with multiple family members who can care for his mother, Martinez's asserted caregiving responsibilities do not establish an extraordinary or compelling reason for compassionate release. *See United States v. Yoda*, No. 15-CR-95, 2020 WL 5502325 at *2 (S.D.N.Y. Sept. 11, 2020) (holding that the defendant does not have an extraordinary and compelling reason for compassionate release because he is not the only available caregiver to his father).

Finally, Martinez argues that he is entitled to compassionate release because of his "unique" rehabilitation. (*See* Pet'r Reply (Dkt. 289) at 14.) Rehabilitation in conjunction with other factors *may* establish extraordinary and compelling circumstances for compassionate release, *United States v. Vargas*, 502 F. Supp. 3d 820, 829 (S.D.N.Y. 2020), but "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t); *Brooker*, 976 F.3d at 237-38.

Martinez cites two instances where the court granted compassionate release to defendants who were found fully rehabilitated. In *United States v. Millan*, the defendant, while incarcerated, earned his Associates Degree, worked a full-time job, held a leadership role in the prison's church, and participated in various programs and apprenticeships. No. 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y. Apr. 6, 2020). There, the court held that Millan's "extraordinary" rehabilitation together with his remorse and contrition, conduct as a model prisoner, extraordinary character, leadership, support of BOP staff, sentencing disparity, and more, constituted an extraordinary and compelling reason. *See id.* Similarly, in *United States v. Torres*, both defendants exhibited model prison behavior, worked for UNICOR, [2] and

---

[2] UNICOR is a prison labor program for inmates within the Federal Bureau of Prisons, and a component of the Department of Justice.

7

completed various educational and life skills programs, and one brother received a bachelor's degree *magna cum laude*. *See* 464 F. Supp. 3d 651, 662 (S.D.N.Y. 2020). The Torres defendants also had full support from their trial and sentencing judge, Judge John M. Walker, who spoke on their behalf. *See id* at 653.[3]

Martinez falls short of those defendants. Although his accomplishments and overall progress while incarcerated are commendable, these efforts do not by themselves establish an "extraordinary and compelling reason" for compassionate release. Therefore, Martinez's motion for compassionate release is DENIED at this time. The court thus does not consider whether compassionate release would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the foregoing reasons, Martinez's motion to reduce his sentence is DENIED.

SO ORDERED.

Dated:    Brooklyn, New York
         July 29, 2022

                                             /s/ Nicholas G. Garaufis
                                             NICHOLAS G. GARAUFIS
                                             United States District Judge

---

[3] The Torres brothers served three decades of their sentence and Millan served nearly three decades of his sentence. While the court does not think rehabilitation depends on the length of time served, it does represent another factor which does not weigh in Martinez's favor.

8