UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

NORBERTO MARTINEZ,

Defendant.

**MEMORANDUM & ORDER**
**03-CR-1049 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Norberto Martinez's third motion to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See generally* Def.'s Mot. (Dkt. 305); Def.'s Reply (Dkt. 307).) The Government opposes the motion. (*See generally* Opp. (Dkt. 306).) For the reasons set forth below, Martinez's motion is DENIED.

## I. BACKGROUND

The court assumes the parties' familiarity with the factual background and procedural history in this matter, though a short summary of the relevant information is below.

### A. Martinez's Conviction and Sentencing

In 1995, Norberto Martinez was convicted for conspiracy to distribute heroin and possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846, and sentenced to 63 months' imprisonment with four years of supervised release. *See United States v. Martinez*, 159 F.3d 1349, at *1 (2d Cir. 1998). After his release from prison, Martinez promptly resumed committing similar crimes. From 2000-2003, Martinez and his brother orchestrated a large-scale heroin importation and distribution ring in Queens and the Bronx. (*See* Sealed Presentence Investigation Rep. Dated 08/29/2005 ("PSR") ¶¶ 3, 6, 17.) Martinez personally "organized, supervised, and managed" the

heroin distribution ring which consisted of over a dozen individuals. (*Id.* ¶¶ 3, 17.) As a result of these activities, Martinez was arrested on October 15, 2003 while on supervised release for his 1995 conviction. (See *id.* ¶¶ 16, 52.)

In 2006, Martinez was convicted on seven drug trafficking charges and two firearm charges. (*See* Jury Verdict (Dkt. 185) at 2-9.) On May 3, 2006, the court sentenced Martinez to life imprisonment on the drug trafficking charges, 84 months' imprisonment on one of the firearm charges, and five years of supervised release. (*See* Sentencing Judgment (Dkt. 226) at 3-4.)

### B. Martinez's Prior Motions to Reduce His Sentence

Since his conviction in 2006, Martinez has brought three motions to reduce his sentence.

First, in 2020, Martinez moved for a sentence reduction pursuant to: (1) Sections 404 and 401 of the First Step Act of 2018 ("First Step Act"); (2) 18 U.S.C. § 3582(c)(2), based on Amendment 782 of the Sentencing Guidelines (the "Guidelines"); and (3) 18 U.S.C. § 3582(c)(1)(A). *United States v. Martinez*, No. 03-CR-1049 (NGG), 2022 WL 3019833, at *1 (E.D.N.Y. July 29, 2022) ("*Martinez I*"). The court denied Martinez's motion on July 29, 2022, finding: (1) Sections 404 and 401 of the First Step Act were not applicable to Martinez; (2) Amendment 782 had no effect on Martinez's guideline range; and (3) Martinez was unable to prove extraordinary and compelling reasons for compassionate release.[1] *Id.* at *1-4.

On March 7, 2024, Martinez brought his second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

[1] While courts refer to motions under the relevant statute as "compassionate release" motions, the statute speaks in terms of sentence reduction as opposed to release. *See* 18 U.S.C. § 3582(c)(1)(A). In reference to Martinez's motion, this court uses "sentence reduction" and "compassionate release" interchangeably.

(Def.'s Second Mot. for Reduction (Dkt. 299) at 2.) This time, the court granted Martinez's motion in part, thereby reducing his sentence to a total of 30 years' imprisonment, followed by five years of supervised release. *United States v. Martinez*, No. 03-CR-01049 (NGG), 2024 WL 3966291, at *11 (E.D.N.Y. Aug. 28, 2024) ("*Martinez II*").

Now, Martinez brings his third motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II. LEGAL STANDARDS

Federal courts generally "may not modify a term of imprisonment once it has been imposed." *United States v. Williams*, 102 F.4th 618, 622 (2d Cir. 2024) (quoting 18 U.S.C. § 3582(c)).[2] However, Section 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to reduce a defendant's sentence upon motion of either the Director of the Bureau of Prisons or the defendant. 18 U.S.C. § 3582(c)(1)(A). Courts may only reduce a term of imprisonment upon motion of the defendant if three conditions are met. First, a defendant must either (a) "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (b) wait "30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Id.* Second, the defendant must establish "extraordinary and compelling" reasons that warrant a sentence reduction. *Id.* § 3582(c)(1)(A)(i). Finally, the court must "[consider] the sentencing factors set forth in 18 U.S.C. §

[2] When quoting cases and filings from the parties, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).[3]

A defendant may only move for a sentence reduction after either he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). A "defendant's failure to exhaust administrative remedies is a threshold matter preventing the Court from considering a Section 3582 application." *United States v. Gill*, No. 19-CR-00761 (JPO), 2026 WL 1998593, at *2 (S.D.N.Y. July 10, 2026). This exhaustion requirement is a "case processing rule, not a jurisdictional limitation." *United States v. Messina*, No. 11-CR-31 (KAM), 2024 WL 2853119, at *4 (E.D.N.Y. June 4, 2024) (citing *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021)). As such, the Government may waive or forfeit the exhaustion requirement. *See Saladino*, 7 F.4th at 123 (citing *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017)).

The court may only reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." *United States v. Rivera*, No. 22-CR-329 (MKV), 2026 WL 2224979, at *2 (S.D.N.Y. Aug. 3, 2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976

---

[3] Here, the court will first determine whether Martinez has presented extraordinary and compelling reasons, and then proceed to an analysis of the § 3553(a) factors. *See United States v. Johnson*, 833 F. Supp. 3d 223, 226 n.2 (E.D.N.Y. 2026) (noting that *United States v. Rodriguez*, 147 F.4th 217 (2d Cir. 2025), was "not a command for the district courts to consider the three requirements in a specific order . . . because it is clear that if a district court determines that one of these conditions is lacking, it need not address the remaining ones").

F.3d 228, 237 (2d Cir. 2020). The only statutory limit on what courts may consider extraordinary and compelling is that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* at 238 (quoting 28 U.S.C. § 994(t)). However, rehabilitation may be considered "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13(d).

Although not binding, the Sentencing Commission's policy statement on what constitutes extraordinary and compelling reasons may still inform the court's analysis. *See United States v. Robinson*, No. 10-CR-789 (NGG) (S-3), 2022 WL 16924176, at *4 (E.D.N.Y. Nov. 14, 2022) ("Courts may but are no longer required to consider the Sentencing Commission's standard for what should be considered extraordinary and compelling reasons for a sentence reduction."). Pursuant to 28 U.S.C. § 994(t), the Commission has determined that a defendant meets this standard when, *inter alia*, one of the defendant's parents becomes incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Should the court find that the defendant has put forth extraordinary and compelling reasons warranting a reduction in their sentence, the court must proceed to weigh the applicable factors set forth in 18 U.S.C. § 3553(a). The court is not required to "address every argument the defendant has made or discuss every § 3553(a) factor individually." *United States v. Whittaker*, No. 25-1337, 2026 WL 1256069, at *1 (2d Cir. May 7, 2026).

Only after finding that extraordinary and compelling reasons exist and that the section 3553(a) factors weigh in favor of the defendant may a court reduce a defendant's sentence. A sentence reduction must be "reasonably responsive to the extraordinary

and compelling reasons that warrant it." *Martinez II*, 2024 WL 3966291, at *4.

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

The parties agree that Martinez has exhausted his administrative remedies here. In his motion, Martinez alleges that, on February 8, 2026, he "wrote to the Warden at FCI Fort Dix . . . requesting a sentence reduction." (Def.'s Mot. at 4 n.3.) Martinez attached a copy of this request to his motion. (*See id.* at 11-12.) Martinez further alleges that "the Warden never responded to the request, let alone, within requisite 30 day period." (*Id.* at 4 n.3.) The Government "does not contest that the defendant has exhausted his administrative remedies." (Opp. at 9 n.1.) The court thus proceeds to consider whether Martinez has identified extraordinary and compelling reasons warranting his release. *See Saladino*, 7 F.4th at 124.

### B. Extraordinary and Compelling Reasons

For the reasons that follow, the court finds that Martinez has not demonstrated extraordinary and compelling reasons to warrant a sentence reduction.

Martinez contends that "his continued efforts at rehabilitation, considered together with family circumstances involving the declining health of his beloved mother," present a "material change in circumstances" since this court granted Martinez's prior sentence reduction motion that justifies his immediate release from prison. (Def.'s Mot. at 3-4.) The court addresses Defendant's asserted extraordinary and compelling reasons in turn.

1. Martinez's Family Circumstances

In his motion, Martinez argues that his desire to spend time with and care for his mother, Georgina, who is in declining health, is

an extraordinary and compelling reason warranting a sentence reduction to time served.[4] (Def.'s Mot. at 4.)

If released, Martinez promises to "contribute and participate along with siblings in the round the clock 24/7 care that his mother now requires." (*Id.* at 8, 23.) In her July 31, 2026 letter to the court, Georgina writes that "[i]f Your Honor were to grant [Martinez] an earlier release, [he] would reside with me and help care for me during this difficult stage of my life . . . [h]aving him home would be an immeasurable blessing, both emotionally and physically." (*Id.* at 21.)

Relying on this court's decision in *United States v. Donato*, No. 03-CR-929, 2024 WL 665939 (E.D.N.Y. Feb. 16, 2024), Martinez argues that he has presented similarly extraordinary and compelling reasons despite not being the only available caretaker for his mother. (*See id.* at 9 (citing *Donato*, 2024 WL 665939, at *5).)

In response, the Government points to the Sentencing Commission's policy statement on extraordinary and compelling reasons. The Government argues that the policy statement, U.S.S.G. § 1B1.13(b)(3)(C), provides that "[t]he incapacitation of the defendant's parent" is only an extraordinary and compelling reason warranting a sentence reduction when "the defendant would be the only available caregiver for the parent." (Opp. at 9 (quoting U.S.S.G. § 1B1.13(b)(3)(C)).) Under this standard, the Government contends that Martinez's familial circumstances fail to constitute an extraordinary and compelling reason warranting a sentence reduction because he does not argue that he is the only person capable of caring for his mother. (*Id.* at 10.) Rather, he indicates that his sisters are caring for his mother. (*Id.* (citing Def.'s Mot. at 8).) The Government further argues that Martinez "fails to explain why alternative options for care are unavailable

[4] Martinez has submitted medical records and letters describing Georgina's condition that the court has reviewed.

or why a family member's current care is inadequate." (*Id.* (citing cases).)

Moreover, the Government argues that Martinez's reliance on *Donato* is misplaced. Unlike the defendants in *Donato* and *United States v. Boccanfuso*, No. 15-CR-341 (LTS), 2023 WL 3741980 (S.D.N.Y. May 31, 2023), the Government contends, Martinez has failed "to articulate why he can provide a unique level of support to his mother beyond the support that she is currently receiving from her other children." (*Id.* at 10-11.)

In reply, Martinez provides no further substance, simply stating his disagreement with the Government's position and promising that if he is released, he will make it "abundantly clear to the court that he is not the man he once was." (Def.'s Reply at 2 (quoting *Martinez II*, 2024 WL 396629, at *9).)

"[L]ogic suggests" that a defendant must present a "material change in circumstances from a prior motion, beyond the mere passage of time" before a court should consider a defendant's subsequent motion to reduce their term of imprisonment. *United States v. Bolino*, No. 06-CR-806 (BMC), 2022 WL 2441571, at *1 (E.D.N.Y. July 5, 2022); *see also United States v. Gomez*, No. 95-CR-750 (NGG), 2025 WL 2173728, at *2 (E.D.N.Y. July 31, 2025) ("to warrant a sentence reduction, petitioner must articulate either a new basis for relief or changed circumstances since the prior motion."). In the motion now before the court, Martinez raises the same basis for relief that he did in his 2020 motion for a sentence reduction—family circumstances. (*Compare* Pet'r Additional Information (Dkt. 291) at 1-2 *with* Def.'s Mot. at 3-4.) And in *Martinez I*, this court found that Martinez failed to establish an extraordinary or compelling reason on this basis. 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022) ("[W]ith multiple family members who can care for his mother, Martinez's asserted caregiving responsibilities do not establish an extraordinary or compelling reason for compassionate release.").

The court now considers whether Georgina's declining health presents a truly novel and extraordinary circumstance and concludes it does not. Although the court sympathizes with the gravity of Martinez's predicament, the court finds that he has not demonstrated extraordinary and compelling reasons justifying his release.

The requirement under the Guidelines that the defendant be "the only available caregiver for [an incapacitated] parent" guides, but does not control, the court's inquiry. U.S.S.G. § 1B1.13(b)(3)(C); *see Brooker*, 976 F.3d at 237 (holding that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" and that U.S.S.G. § 1B1.13 does not "limit[] the district court's discretion."). Nevertheless, courts in this Circuit "generally require the defendant to provide several sources of evidence that the defendant is, in fact, the only available caregiver." *United States v. Monsalvatge*, No. 12-CR-586-02 (OEM), 2025 WL 307137, at *7 (E.D.N.Y. Jan. 27, 2025); *see also United States v. Howard*, No. 17-CR-611-8 (AT), 2026 WL 2664516, at *3 (S.D.N.Y. Sept. 10, 2026) ("When a defendant relies on section 1B1.13(b)(3)'s sole-caregiver provision, courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member"). Relatedly, to benefit from this provision, the defendant must show that any care the family member currently receives is inadequate to meet their needs. *See United States v. Messina*, No. 11-CR-31 (KAM), 2024 WL 2853119, at *5 (E.D.N.Y. June 4, 2024) (finding that a plaintiff's evidence demonstrated that "although it has been a challenge, a combination of family members has been able to coordinate to respond to [the plaintiff's] father's medical needs" and determining that the plaintiff was not the only available caretaker for his ailing father). Further, the defendant must demonstrate that their family member's health

issues are "dire." *United States v. Panos*, No. 18-CR-581 (KMK), 2026 WL 221245, at *17 (S.D.N.Y. Jan. 27, 2026).

Here, Martinez concedes that his siblings are currently caring for his mother, (Def.'s Mot. at 8 ("If released, Mr. Martinez will contribute and participate along with siblings in the round the clock 24/7 care that his mother now requires".).) Although Georgina's condition is certainly dire, Martinez has not demonstrated that his sisters are providing inadequate care to her. *See United States v. Moore*, No. 95-CR-01162-2 (FB), 2026 WL 407382, at *1 (E.D.N.Y. Feb. 13, 2026) (concluding that the defendant was not the only available caregiver because the defendant's sister could care for their "aging" mother, notwithstanding the fact that the sister lived in Brooklyn and the mother lived in Queens); *see also United States v. Bright*, No. 18-CR-56-1 (KPF), 2026 WL 1164604, at *4 (S.D.N.Y. Apr. 29, 2026).

This case is materially distinct from *Donato*, where the defendant demonstrated that the care his family member was receiving was inadequate to meet the family member's needs. In that case, this court granted the defendant's motion because his release would "alleviate caretaking responsibilities that other family members have been forced to shoulder" in caring for the defendant's son, who has Down Syndrome. *Donato*, 2024 WL 665939, at *6. The court based that determination on the fact that the brother of the defendant's son, who previously assisted in taking care of the defendant's son, had moved out of the house where the defendant's son lived. *Id.* at *5. "This left their mother, who has a full-time job, as [the son]'s only caretaker." *Id.* Here, Martinez has not demonstrated that his siblings are similarly unable to provide adequate care for Georgina. *See also Boccanfuso*, 2023 WL 3741980, at *3 (granting defendant's motion for compassionate release where the defendant's mother and stepfather had been "struggling to care for [his daughter] adequately due to their age and health conditions.")

Accordingly, Martinez's family circumstances do not constitute an extraordinary and compelling circumstance justifying a reduction in his sentence.

2. Martinez's Continued Rehabilitation

Martinez also points to his "continued efforts at rehabilitation" as grounds warranting his release. (Def.'s Mot. at 3.) In a letter to the court dated July 24, 2026, Martinez writes that he has "continued to follow a straight and narrow path" (*Id.* at 23.) He further notes that he has been "free of any disciplinary infractions," and has continued to "avail [himself] of . . . educational programs and courses" and "excel" at his work assignments. (*Id.*) He even received an "EBRR Incentive Award," as reflected in the Individualized Needs Plan attached to his motion. (*Id.* at 25.) In addition, his recidivism risk assessment continues to be "MIN" or "minimum," as evidenced by his attached FSA Recidivism Risk Assessment (*Id.* at 27.)

In her July 31, 2026 letter to the court, Georgina writes that she "know[s] that [Martinez] is deeply remorseful for his past actions." (*Id.* at 21.) She continues that "[t]hroughout the many years he has been away from our family, he has worked hard to demonstrate to this Court and to those who love him that he is capable of being a productive, law-abiding citizen upon his release." (*Id.*)

In response, the Government states that courts are "statutorily disallowed" from finding rehabilitation alone to constitute an extraordinary and compelling reason. (Opp. at 9 (citing *Martinez II*, 2024 WL 396629, at *9).) Alternatively, the Government argues that "the Court already took account of the defendant's extensive rehabilitative efforts," (*id.* (citing *Martinez II*, 2024 WL 396629, at *8-9)), and therefore Martinez's continued rehabilitative efforts "do not constitute a new basis for relief or changed circumstance that justifies a sentence reduction." (*Id.*)

The court finds the Government's position persuasive. Although the court agrees with Martinez that a defendant need not put forth a novel extraordinary and compelling reason in a successive motion for sentence reduction, the defendant must still demonstrate that a material change in *circumstances* has taken place since their prior motion. *United States v. Reynolds*, No. 99-CR-520-13 (NGG), 2023 WL 4086882, at *4 (E.D.N.Y. June 20, 2023) (holding that a defendant "must articulate either a new basis for relief or changed circumstances" since the court's prior decision granting defendant's compassionate release motion). Martinez's continued rehabilitation, though admirable, is not novel to the court. As the Government points out, the court previously considered this justification in *Martinez II*. There, the court noted Martinez's coursework, successful work assignments, lack of disciplinary infractions, remorse, and minimal recidivism risk and concluded that "his efforts exude rehabilitation." *Martinez II*, 2024 WL 396629, at *8-9.

Furthermore, even assuming that Martinez presents new circumstances related to his rehabilitation, his other basis for relief does not constitute an extraordinary and compelling reason warranting his release and "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also Bright*, 2026 WL 1164604, at *5 (finding that the defendant's "other proffered bases for relief do not amount to extraordinary and compelling reasons for his release," and declining to grant the defendant's compassionate release motion based on his rehabilitation alone); *United States v. Muyet*, No. 95-CR-941 (LAP), 2024 WL 2830825, at *5 (S.D.N.Y. June 3, 2024) ("Simply put, the evidence of rehabilitation offered by Defendant does not, alone or in combination with all other relevant considerations, establish extraordinary and compelling reasons for a reduction in his sentence.").

Accordingly, Martinez has failed to demonstrate an extraordinary and compelling reason warranting a reduction in his term of imprisonment to time served. That alone is sufficient to deny his motion. *See Rutherford v. United States*, 608 U.S. 454, 470 (2026) (characterizing the "extraordinary and compelling reason" requirement as a "gatekeeping requirement" that must be resolved "[b]efore determining the extent of a reduction based on the § 3553(a) factors").

**C. 18 U.S.C. § 3553(a) Factors**

For the sake of completeness, the court proceeds to weigh the factors set forth in 18 U.S.C. § 3553(a). Martinez, "now age 55," (Def.'s Mot. at 6), contends that it is "relevant" in the § 3553(a) analysis that he has continued to be a model inmate with a "stellar" prison record and a "minimum" recidivism risk as assessed by the Bureau of Prisons. (*Id.* at 8.)

In opposition, the Government refers to the circumstances of Martinez's offense. Specifically, the Government notes that this court recognized in *Martinez II* that Martinez's conduct "wreaked havoc on the community" and that "[h]is drug ring was both extensive and remarkably sophisticated." (Opp. at 11 (quoting *Martinez II*, 2024 WL 3966291, at *10).) The Government reminds the court that its decision to reduce Martinez's sentence, rather than grant him immediate release, reflected "the seriousness of the defendant's crimes, while balancing the need to deter criminal conduct and to avoid unwarranted sentencing disparities." (*Id.* (quoting *Martinez II*, 2024 WL 3966291, at *10).) Furthermore, the Government notes that Martinez "committed the instant offense while on supervised release for the same conduct." (*Id.* (quoting *Martinez II*, 2024 WL 3966291, at *10).)

Here, the applicable § 3553(a) factors include: (i) the nature and circumstances of the offense; (ii) the history and characteristics of the defendant; (iii) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment; (iv) the need to adequately deter criminal conduct; and (v) the need to protect the public from the defendant. *See* 18 U.S.C. § 3553(a)(1)-(5).

To reduce Martinez's sentence to time served would undermine the first factor, "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). As this court has reiterated, "the crime of distributing heroin is not a victimless crime." *Martinez II*, 2024 WL 3966291, at *10. And Martinez certainly ran an extensive drug ring—indeed, "whether from one location or five locations, he ran a drug factory with others that prepared for the wide spread distribution of heroin, to people who became addicted to and continued to be addicted to it." (Sent'g Tr. (Dkt. 288-1) at 19:21-19:24.) Furthermore, Martinez committed the instant offenses while on supervised release for the same activity. (*See* PSR ¶¶ 16, 52.) Moreover, although Martinez's age, commendable rehabilitation, and low recidivism risk all speak to his characteristics and demonstrate that Martinez is unlikely to threaten the safety of the public upon his release, the continued need for Martinez's sentence to reflect the seriousness of his offenses, provide just punishment, and deter criminal conduct militate in favor of leaving his sentence undisturbed. *United States v. Arroyo*, No. 92-CR-91 (AMD), 2026 WL 1179828, at *6 (E.D.N.Y. Apr. 30, 2026) (commending the defendant for his rehabilitative efforts but finding that they failed to "outweigh the magnitude of his crimes.").

## IV. CONCLUSION

The court sincerely applauds Martinez's continued efforts at rehabilitation and laments the condition of his mother. However, because Martinez has not demonstrated extraordinary and compelling reasons to warrant a sentence reduction, and the 18 U.S.C. § 3553(a) factors counsel against reducing his sentence further, his third motion to reduce his sentence is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 20, 2026

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge